

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John S. Rudd, Jr.
Actuary and Assistant Director
Teacher Retirement of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4332
Re: Disability retirement of
member engaged in gain-
ful occupation

We have received your letter of January 15, 1942,
which we quote as follows:

"The Retirement System desires to know
whether it would be proper for the State Board
of Trustees to retire a member on a disability
retirement allowance in accordance with Section
5, Subsection 3 of the Retirement Law in the
event the member, at the time of such retire-
ment, is engaged in a gainful occupation other
than teaching, provided that the amount earnable
by the member in such gainful occupation, to-
gether with the amount of the retirement allow-
ance does not exceed the compensation last re-
ceived by the member as a teacher."

Subsections 3 and 5(a) of Section 5 of the Teacher
Retirement Act (Article 2922-1, Vernon's Annotated Civil Stat-
utes) read as follows:

"3. Disability Retirement Benefits
"Upon the application of a member or his
legal representative acting in his behalf,
any member who has had twenty (20) or more
years of creditable service may be retired
by the State Board of Trustees, not less
than thirty (30) and not more than ninety
(90) days next following the date of filing
such application, on a disability retirement

allowance, provided that the Medical Board,
after a medical examination of such member,
shall certify that such member is mentally
or physically incapacitated for the further
performance of duty, that such incapacity
is likely to be permanent, and that such
member should be retired."

"* * *

"5.    Beneficiaries Retired on Account
       of Disability.

"Once each year during the first five
(5) years following retirement of a member
on a disability retirement allowance, and
once in every three-year period thereafter,
the State Board of Trustees may, and upon
his application shall, require any dis-
ability beneficiary who has not yet at-
tained the age of sixty (60) years to un-
dergo a  medical examination, such examina-
tion to be made at the place of residence
of said beneficiary or any other place mutu-
ally agreed upon, by a physician or physi-
cians designated by the State Board of Trus-
tees.  Should any disability beneficiary
who has not yet attained the age of sixty
(60) years refuse to submit to at least one
medical examination in any such periods by
a physician or physicians designated by the
State Board of Trustees, his allowance shall
be discontinued until his withdrawal of such
refusal, and should his refusal continue
for one year, all his rights in and to his
allowance shall be revoked by the State
Board of Trustees.
       "(a)   Should the Medical Board report
and certify to the State Board of Trustees
that such disability beneficiary is no
longer physically or mentally incapacitated
for the performance of duty, or that such
disability beneficiary is engaged in or is
able to engage in a gainful occupation, and
should the State Board of Trustees by a

majority vote concur in such report, then the
amount of his allowance shall be discontinued
or reduced to an amount by which the amount of
the last year's salary of the beneficiary, as
a teacher, exceeds his present earning capacity.
Should his earning capacity be later changed,
the amount of his allowance may be further modi-
fied; provided, that the revised allowance shall
not exceed the amount of the allowance original-
ly granted, nor shall it exceed an amount which,
when added to the amount earnable by the benefi-
ciary, equals the amount of his compensation
for the last year prior to retirement."

Subsection 3 provides the conditions upon which a
member may be retired on a disability retirement allowance:
namely, "that the Medical Board after a medical examination
of such member, shall certify that such member is meatally
or physically incapacitated for the further performance of
duty, that such incapacity is likely to be permanent, and
that such member should be retired." (Emphasis supplied.)
"Duty" as used in the statute obviously means that duty by
virtue of which the person is a member of the Retirement
System. Therefore, if the Medical Board reaches the conclu-
sion that the member is incapacitated for further teaching
and certifies the same in accordance with the statute, we
are of the opinion that the State Board of Trustees may re-
tire the member because of such disability.

Subsection 5(a) deals with a person who was re-
tired on account of disability but who is now no longer so
incapacitated or engaged or able to engage in a gainful oc-
cupation. The Board of Trustees is authorized to reduce the
allowance of such a person now engaged in a gainful occupa-
tion to an amount by which the last year's salary of the bene-
ficiary, as a teacher, exceeds his present earning capacity.
In other words, the allowance shall not be greater than the
amount when added to his present earning capacity equals his
last year's salary as a teacher.

Does this provision prevent the Board of Trustees
from retiring a member physically or mentally incapacitated
from teaching because he is engaged in some gainful occupa-
tion? We think not. Section 3 does not state that the

member must not be so engaged, and we are not authorized, nor do we feel that we should read it into the statute. There would be no reason to distinguish between a member engaged in a gainful occupation at the time of retirement, and one who is not but who later becomes so engaged, and penalize the former. We do believe, however, that Section 5(a) sets the maximum allowance of such person.

In view of the foregoing, it is the opinion of this department that the State Board of Trustees of the Teacher Retirement System is authorized to retire a member, who is physically or mentally incapacitated from the further performance of his duty as a teacher, on a disability retirement allowance under Subsection 3, Section 5 of the Teacher Retirement Act even though such member is engaged in a gainful occupation at the time of retirement; however, the allowance of such member shall not be more than that amount which when added to the amount earnable in such gainful occupation exceeds his last year's compensation as a teacher.

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY George W. Sparks
George W. Sparks
Assistant

APPROVED JAN 23, 1940

GWS:ff

